**Gladys WINTHROP, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**No. 6247.**

District of Columbia Court of Appeals.

Argued May 9, 1972.

Decided July 11, 1972.

John J. Simard, Washington, D. C., for appellant.

Morton Berg, Washington, D. C., for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

KELLY, Associate Judge:

This appeal is from a directed verdict for appellee based on a finding of contributory negligence as a matter of law.[1] We reverse.

Pertinent testimony on liability was that as appellant (plaintiff) was attempting to board appellee's bus the driver closed the front doors on her right hand and started to pull away from the bus stop. The bus moved a distance of five or six feet, with appellant running alongside, before it was stopped in response to the screams of passengers. The doors had closed on appellant's hand between the knuckles and the wrist, and it was her testimony that she was pulled along for six or eight steps. The edges, or nosing, of the doors were of firm rubber. Over appellant's objection, the bus in question was viewed outside the courthouse by the court and jury. At least one juror had the driver close the doors on

---

1. The trial judge announced his ruling at the close of the evidence, but allowed the case to go to the jury so that a ruling on appeal would dispose of the case. Unfortunately, the jury could not agree either on the issue of primary negligence or on the issue of contributory negligence.

his hand, as did defense counsel who, at the same time, had the bus pull away.[2]

The testimony, along with the viewing of the bus, led the court to the conclusion that not only was there nothing which would have prevented appellant from removing her hand from between the doors of the bus when it pulled away, but also that had she just stood still her hand would automatically have come free of the doors. It ruled that "no reasonable juror could help but conclude that she could have removed her hand, rather than run along by the bus in order to stop it and get aboard."[3] Consequently, appellant was found to be contributorily negligent as a matter of law and a verdict was directed for appellee.

We hold that the question of contributory negligence was one of fact for the jury. In a similar case, Guenther v. Metropolitan Railroad Co., 23 App.D.C. 493 (1904), a robust, portly gentleman of some 50 years of age had grasped the handrail of a streetcar in an attempt to board when the car started up, dragging him about 100 feet before it stopped. The court there said that[4]

Assuming, as we must from the evidence before recited, that the intestate had grasped the bar or hand rail in an attempt to get on the car before it was put in motion, it was for the jury to say whether the injuries which he received were the result of his own want of care in not releasing his grasp in time to prevent being thrown to the pavement or dragged along as he was. Whether he had sufficient time for the exercise of judgment as to the proper course to pursue, or whether he might reasonably have concluded, if he had sufficient time to think and act, that it was as safe to hold on as to turn loose, were questions eminently proper for the determination of the jury. Whether he exercised the care reasonably to be expected of an ordinary person at the time is to be determined from all the surrounding circumstances, among which are the conditions of emergency under which he was called upon to act. [Citation omitted.]

Here, in a like emergency, where a woman of some 61 years of age was reaching for the handrail of a bus when the doors closed upon her hand and the bus was put in motion, the determination of whether or not, in the exercise of reasonable care in the circumstances, appellant should have withdrawn her hand from the doors herself or should have stood still and let the hand come free from the doors as the bus moved away is one properly for the jury.

Reversed and remanded for a new trial.

2. The results of these demonstrations do not appear in the transcript of the viewing proceedings, but are evident from the argument on the motion for directed verdict.

3. This latter statement is not a finding from direct testimony, but is an apparent inference drawn from the evidence by the trial judge.

4. 23 App.D.C. at 509.